UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRADLEY OVERSTREET, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JEFFREY BRADLEY, individually, and as § <br> CEO of FORTERRA, INC.; and § <br> CHADWICK SUSS, individually, and as § <br> VP of HUDSON AMERICAS, L.P., § <br> § <br> Defendants. § <br> § | Case No. _____ |

## **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that specially appearing Defendant Forterra, Inc. ("Forterra"), by and through its undersigned counsel, hereby remove to this Court the state court action described below pursuant to 28 U.S.C. § 1332. As grounds for this removal, Forterra[1] states as follows:

PROCEDURAL BACKGROUND

1. On or about February 6, 2017, Plaintiff Bradley Overstreet ("Plaintiff") commenced an action against Defendants, Case No. 68-CV-2017-900090.00, *Overstreet v. Bradley, et al.*, in the Circuit Court of Jefferson County, Alabama. (Complaint, attached hereto as Exhibit 1).

2. Forterra was purportedly served by certified mail received on February 13, 2017. While preserving their rights to move to dismiss for lack of personal jurisdiction and compel arbitration, Defendants Bradley and Suss accepted service on March 7, 2017. Defendant Hudson Americas

---

[1] Defendant Forterra specially appears, subject to and without waiving, its ability to assert any defense to this action, including its right to move to dismiss based on lack of personal jurisdiction or to move to compel arbitration.

1

L.P. ("Hudson Americas") was purportedly served by certified mail received on March 6, 2017. (Return of Service, attached hereto as Exhibit 2).

3. Accordingly, this Notice of Removal is timely filed within the thirty days allotted for removal by 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355-56 (1999).

## DIVERSITY JURISDICTION

4. Plaintiff's Complaint identified only Defendants Bradley and Suss (collectively the "Individual Defendants") as defendants in the caption, but stated in his prayer for relief that he seeks joint and several liability from Forterra and Hudson Americas as well.  Moreover, the allegations of the Complaint repeatedly refer to "Defendants" when discussing the actions of the Individual Defendants.  (*See, e.g.*, Compl. ¶ 14 (Defendants traveled to Birmingham…); ¶ 16 (Defendants met with U.S. Pipe executives…); ¶ 17 ("Defendants assured Plaintiff…"); ¶ 21 (referring interchangeably to "Defendants" and "Mr. Suss and Mr. Bradley").)  Notwithstanding these allegations, Plaintiff's prayer for relief seeks a judgment "jointly and severally" from the Individual Defendants, Forterra, and Hudson Americas, and Plaintiff has attempted to serve Forterra and Hudson Americas with process.

6. Complete diversity exists in this action because Individual Defendants, on one hand, and Plaintiff, on the other hand, are citizens of different states.  Even to the extent that the Complaint could be construed to actually name Forterra and Hudson Americas as defendants, complete diversity still exists between Plaintiff and the defendants.  Forterra is not a citizen of Alabama, and the citizenship of Hudson Americas should be disregarded as a fraudulently joined party.

7. At the time Plaintiff filed his Complaint, he was a citizen of Alabama. (*See* Compl. at 1.) At the time of filing of this Notice of Removal, upon information and belief, Plaintiff remains a citizen of the State of Alabama, and is not a citizen of any of the States of Texas, Illinois, or Delaware for purposes of diversity jurisdiction.

8. Defendant Bradley, both at the time the Complaint was filed and now, is a citizen of Texas. (*See* Decl. of J. Bradley ¶ 3, attached hereto as Exhibit 3.) Bradley pays taxes in Texas, owns real and personal property in Texas, has a driver's license issued by the State of Texas, votes in Texas, has a bank account in Texas, and is employed in Texas. (*See id.*) *See also Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006) (describing factors considered by courts establishing party's domicile for purposes of diversity jurisdiction). Accordingly, Defendant Bradley is a citizen of the State of Texas, and he is not a citizen of the State of Alabama for purposes of diversity jurisdiction.

9. Defendant Suss, both at the time the Complaint was filed and now, is a citizen of Illinois. (*See* Decl. of C. Suss ¶ 3, attached hereto as Exhibit 4.) Suss pays taxes in Illinois, owns real and personal property in Illinois, has a driver's license issued by the State of Illinois, votes in Illinois, has bank accounts in Illinois, and is employed in Texas. (*See id.*) *See also Slate*, 444 F. Supp. 2d at 1215. Accordingly, Defendant Suss is a citizen of the State of Illinois, and he is not a citizen of the State of Alabama for purposes of diversity jurisdiction.

10. Forterra, both at the time the Complaint was filed and now, is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Texas. (Ex. 3 at ¶ 4.) The corporate headquarters of Forterra is located in Irving, Texas, where the corporate officers direct, control, and coordinate the corporation's activities, and where the majority of the chief executive functions of Forterra are performed. (*Id.*) Thus, Forterra, both at the time the

Complaint was filed and now is a citizen of Delaware and Texas for purposes of diversity jurisdiction and is not a citizen of Alabama.  *See* 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

11.  The citizenship of Hudson Americas[2] must be disregarded for purposes of determining whether there is complete diversity among the parties, due to its fraudulent joinder.  *See Waldrup v. Hartford Life Ins. Co.*, 598 F. Supp. 2d 1219, 1225 (N.D. Ala. 2008) ("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether it may properly exercise federal jurisdiction based on diversity of citizenship.").  A defendant is deemed to have been fraudulently joined "when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant." *Id*.  Here, there is no possibility that Plaintiff will be able to prove a cause of action against Hudson Americas.

12.  Hudson Americas is not a party to either the employment agreement or the long term incentive plan agreement at issue in the Complaint.  (*See* Ex. 3 at Ex. A; Ex. 4 at Ex. A.)  Plaintiff does not assert *any* allegations against Hudson Americas, except that he states in his Prayer for Relief that Hudson Americas is liable for Defendant Suss's actions jointly and severally.  (Compl. at 7.)  However, based on the plain allegations of the Complaint, Defendant Suss was not acting as Hudson Americas' agent at the time of the alleged communications.  (*See* Ex. 4 at ¶ 5.)  *See also Bain v. Colbert Cnty. Nw. Ala. Health Care Auth.*, No. 1150764, 2017 WL 541912, *7 (Ala. Feb. 10, 2017) (holding that principal may only be liable for agent's actions if agent acted within scope of authority).  Rather, at the time of the relevant communications, Defendant Suss was acting in his capacity as director for LSF9 Concrete Holdings, Ltd., the then-administrator of the long-

---

[2] Forterra does not concede that Hudson Americas is a citizen of the State of Alabama.

term incentive plan offered to Plaintiff, and not Hudson Americas.[3] (Ex. 4 at ¶¶ 4, 5.) Accordingly, Plaintiff will be unable to prove a cause of action against Hudson Americas, and Hudson Americas' citizenship should be disregarded for purposes of diversity jurisdiction.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

13. In addition to demonstrating that this removal is timely and that diversity jurisdiction exists, Forterra has satisfied all other requirements for removal.

14. Amount in Controversy. The amount in controversy is determined based on the complaint from which removal is taken and at the time such complaint was filed. *St. Paul Mercury Indem.Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). Plaintiff seeks "an amount of not less than six million and 00/100 Dollars ($6,000,000.00)." (Compl. at 8.) Accordingly, the amount in controversy is satisfied.

15. Removal to Proper Court. Removal to this Court is proper because this Court is part of the "district and division embracing the place where" the State Court Action was filed—Jefferson County, Alabama. 28 U.S.C. § 1446(a).

16. Pleadings and Process. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court is attached hereto as Exhibit 5.

17. Defenses. The removal of this action to the Northern District of Alabama does not waive Forterra's ability to assert any defense to this action, including its right to move to dismiss based on lack of personal jurisdiction or to compel arbitration of all of Plaintiff's claims.

---

[3] LSF9 Concrete Holdings, Ltd ("LSF9") is a private par value limited company incorporated under the laws of the Bailiwick of Jersey with its principal place of business in the Bailiwick of Jersey. Its structure is similar to a U.S. corporation in that it has a perpetual existence, is governed by a board of directors, issues tradeable shares, and investor liability is limited to the agreed-upon capital contributions. As a result, LSF9 is a citizen of the Bailiwick of Jersey for these purposes. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.,* 647 F.3d 684, 686 (7th Cir. 2011); *see also BouMatic, LLC v. Idento Operations, BV,* 759 F.3d 790, 791 (7th Cir. 2014); *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 582-83 (7th Cir. 2003). LSF9 also is not a citizen of Alabama.

18. <u>Notice to Parties' and State Court</u>.  Pursuant to 28 U.S.C. § 1446(d), in addition to serving a copy of this Notice of Removal to Plaintiff, the Individual Defendants and Hudson Americas, Forterra are filing notice in the Circuit Court of Jefferson County, Alabama and serving upon Plaintiff, the Individual Defendants, and Hudson Americas a separate document titled "Notice of Filing Notice of Removal to Federal Court" (attached hereto as Exhibit 6).

19. <u>Consent of Co-Defendants.</u>  Individual Defendants consent to the removal of this action to federal court as demonstrated by the contemporaneously filed Joinders.  *See* 28 U.S.C. § 1446(b)(2)(A).  Hudson Americas also does not object to removal.[4]

WHEREFORE, Forterra respectfully requests that this action pending in the Circuit Court of Jefferson County, Alabama be removed in its entirety to this Court.

---

[4] A fraudulently joined defendant is not required to consent to removal.  *See Harris v. ACCC Ins. Co.*, No. 2:16-cv-636-TFM, 2016 WL 6986637, *3 (M.D. Ala. Nov. 28, 2016) ("In cases involving a question of fraudulent joinder, the application of the unanimity rule would create a nonsensical loop.  If fraudulently joined, a signature or consent would not be required.  But, if not fraudulently joined the signature and consent would be required, yet that would mean that the court would not have diversity anyway thereby destroying subject-matter jurisdiction.  **Thus, the simple common-sense answer in cases involving a question of fraudulent joinder is that a signature or consent of the alleged fraudulently joined defendant is not procedurally required for removal.**") (emphasis added).

Dated: March 13, 2017 Respectfully Submitted,

s/F.M. Haston, III
F.M. Haston, III (HAS012)
Ellen S. Presley (PRE027)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
thaston@bradley.com
epresley@bradley.com

Angela C. Zambrano, *pro hac vice application to be filed forthwith*
angela.zambrano@sidley.com
Paige Holden Montgomery, *pro hac vice application to be filed forthwith*
pmontgomery@sidley.com
Tiffanie N. Limbrick, *pro hac vice application to be filed forthwith*
tlimbrick@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75287
Tel.: 214-981-3300
Fax: 214-981-3400

*Attorneys for Defendant Forterra, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Notice of Removal of Action Pursuant to 28 U.S.C. § 1332 was served on the following counsel of record via e-mail, on March 13, 2017.

Anthony D. Michel  
anthony@wmalabamalaw.com  
WRADY & MICHEL LLC  
505 20th Street North, Suite 1650  
Birmingham, AL 35203  
Tel.: 205-980-5704  
Fax: 205-994-2819  

Attorney for Plaintiff Bradley Overstreet

                                                  s/F.M. Haston  
                                                  OF COUNSEL